IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BARBARA HENDRIX,            )
                            )
     Plaintiff,             )
                            )       CIVIL ACTION NO.
     v.                     )        2:07cv21-MHT
                            )           (WO)
DOUGLAS CHAMBERS, etc.,     )
et al.,                     )
                            )
     Defendants.            )
```

OPINION AND ORDER

In this lawsuit, plaintiff Barbara Hendrix charged defendants Douglass Chambers, James Wilson, Malcolm Montgomery, James T. Merk, all administrators of J.F. Ingram State Technical College, with race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a, 2000e to 2000e-17), the Civil Rights Act of 1866, as amended (42 U.S.C. § 1981), and the equal protection clause of the United States Constitution (as enforced through 42 U.S.C. § 1983). This cause is now before the court on

the defendants' motion for attorney's fees in the amount of $ 44,752.50.   For the reasons that follow, the defendants' motion will be granted to the extent that a fee of $ 1,200.00 be awarded.


## I. PROPRIETY OF FEE AWARD

The attorney's fee provision of Title VII, 42 U.S.C. § 2000e-5(k), authorizes courts to award reasonable fees and expenses to prevailing civil-rights litigants. Similarly, 42 U.S.C. § 1988 gives the court discretion, in cases brought under § 1981 and § 1983, to award the prevailing party a reasonable attorney's fee.   While "attorney's fees are typically awarded to successful Title VII plaintiffs as a matter of course, prevailing defendants may receive attorney's fee when the plaintiff's case is 'frivolous, unreasonable, or without foundation.'"   Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)); Hughes v. Rowe, 449 U.S.

5, 14 (1980) (applying <u>Christiansburg</u> to attorney's fees under § 1988 brought by prevailing civil rights defendants).  The standard is "stringent."  <u>Hughes</u>, 449 U.S. at 14.

To make this determination, "the district court must examine (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." <u>Bonner v. Mobile Energy Servs. Co., L.L.C.</u>, 246 F.3d 1303, 1304 (11th Cir. 2001).  These factors are, however, only general guidelines; "[d]eterminations regarding frivolity are to be made on a case-by-case basis." <u>Quintana</u>, 414 F.3d at 1309.  It must always be remembered that "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous

enforcement of" civil rights claims. <u>Hughes</u>, 449 U.S. at 14-15.

As this court noted in its opinion granting the defendants' motion for summary judgment, Hendrix failed to establish a prima-facie case for disparate treatment based on gender or race (because there was no adverse-employment action and because there was no similarly situated person outside her protected class), and she failed to make out a prima-facie case for a hostile-work environment.  <u>Hendrix v. Chambers</u>, 2008 WL 509633 (M.D. Ala. 2008) (Thompson, J.).  Turning to the other elements of the attorney's fees inquiry, the court further concludes that there is no evidence that the defendants offered to settle, and the court did dismiss the case prior to trial.  All told, Hendrix's claims were patently without foundation, and the court may therefore award attorney's fees to the defendants as the prevailing parties.

## II. AMOUNT OF FEE AWARD

Having determined that a fee award for the defendants is proper, the court now turns to the amount of the fee to be awarded.

The starting point in setting any attorney's fee is determining the "lodestar" figure--that is, the product of the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community. After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upwards or downwards. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

In making the above determination, the court is guided by the 12 factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Blanchard v. Bergeron, 489 U.S. 87, 91-92 (1989); Hensley, 461 U.S. at 434 n.9. These factors, which apply

to awards for prevailing defendants as well as for prevailing plaintiffs, <u>Jones v. Dealers Tractor and Equip. Co.</u>, 634 F.2d 180, 182 (5th Cir. 1981), are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

## A. Reasonable Hours

The defendants' attorneys submit that they and their paralegals worked on this case for 364.5 hours.

Specifically, they claim 7.3 hours on the initial complaint, 89.3 hours on discovery, 47.9 hours in preparation for depositions, 57.1 hours in preparation for drafting the motion for summary judgment, 97.8 hours in drafting the motion for summary judgment, and 65.1 hours in trial preparation. Hendrix objects generally to lack of specificity in the defendants' billing, but she does not provide "objections and proof ... concerning hours that should be excluded" that are "specific and reasonably precise." <u>Am. Civil Liberties Union of Ga. v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999). With this dearth of specific objections, the court's independent review of the defense attorneys' billing statement reveals a sufficient amount of specificity and a reasonable ratio of hours to work performed. <u>See id</u>. at 427 ("[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the

7

district court can assess the time claimed for each activity.").

## B. Prevailing Market Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Defense counsel seek a rate of $ 125 per hour. They present the affidavit of James R. Seale, an attorney in the Middle District of Alabama who practices in employment-discrimination law, who states that the prevailing rate in the district is from $ 200 to $ 250 an hour. Additionally, the defendants seek $ 50 anhour for their paralegals. Hendrix has not challenged either proposed rate, and the court finds that both are reasonable.

8

## C. Lodestar Calculation

The lodestar calculation for the paralegals is 10.7 hours x $ 50/hour = $ 540.00.  For the attorneys, it is 353.7 hours x $ 125/hour = $ 44,212.50.  The total is $ 44,752.50.

## D. Adjustment

Hendrix states that she "is a single working parent" with "limited mean[s]."  Pl.'s Br. (Doc. No. 50), at 7. In <u>Durrett v. Jenkins Brickyard, Inc.</u>, 678 F.2d 911, 917 (11th Cir. 1982), the Eleventh Circuit held that "a district court awarding attorney's fees to a prevailing Title VII defendant should consider not only the applicable <u>Johnson</u> guidelines, but also, as a limiting factor, the plaintiff's financial resources."   <u>See also</u> <u>Baker v. Alderman</u>, 158 F.3d 516, 527 (11th Cir. 1998) ("The law in this circuit is clear that ability to pay should be considered in the award of attorney's fees under § 1988.").  The court should then ascertain whether

"a reduced assessment would fulfill the purpose of § 706(k) without subjecting [her] to financial ruin." Durrett, 678 F.2d at 917.

A party attempting to limit an award of attorney's fees bears the burden of establishing her financial status. Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp.2d 1328, 1336 (M.D. Fla. 2002) (Wilson, J.). Hendrix has presented the court with evidence of her financial resources and expenses demonstrating that she nets approximately $ 300 a month. This information shows that a reduction in the amount of award is warranted, as the imposition of a $ 44,752.50 award would lead to her certain financial ruin. Relatively few courts have had occasion to consider the appropriate reduction to a defendant's award of attorney's fees based on the plaintiff's limited means. See id. at 1337 (where plaintiff and attorney's asserted incomes and net worths were understated, court nevertheless found that $ 200,000 award would subject either of them to financial ruin and

**10**

awarded a fee of $ 60,000 against each); <u>Cunningham v.</u> <u>Moore Business Forms, Inc.</u>, 671 F.Supp. 26, 27 (N.D. Ala. 1987) (Hancock, J.) (approving as reasonable a defendant's request that plaintiff pay one-half of a $ 14,947.50 fee); <u>Steele v. Chatham Effingham Liberty</u> <u>Regional Library Bd. of Managers</u>, 1987 WL 11821 (S.D. Ga. 1987) (Edenfield, J.) (awarding sum of $ 1,200 in light of plaintiff's finances, where defendants had requested $ 9,866.25).

Based on analysis of prior cases and Hendrix's particular circumstances, the court finds that a fee award greater than $ 1,200 would be beyond her means, especially given that she also owes the defendants $ 2,602.40 in court costs for this litigation. She is a person of very limited financial: a single parent with a net income of only $ 300 a month. $ 1,200, in addition to the $ 2,602.40 she already owes in court costs, is the largest amount she could pay within a reasonable period of time. The court will therefore award the defendants

a fee of $ 1,200, which will mean that together with court costs the defendants will recover $ 3,802.40 from Hendrix for this litigation.

\* \* \*

Accordingly, it is ORDERED as follows:

(1) Defendants Douglas Chambers, James Wilson, Malcolm Montgomery, and James T. Merk's motion for attorney's fees (doc. no. 44) is granted.

(2) Defendants Chambers, Wilson, Montgomery, and Merk shall have and recover from plaintiff Barbara Hendrix the sum of $ 1,200.00 for attorney's fees.

DONE, this the 23rd day of March, 2009.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE